STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELLYN MARCUS LINDSAY (Cal. Bar No. 116847)
BYRON J. MCLAIN (Cal. Bar. No. 257191)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2041
    Facsimile: (213) 894-6269
    E-mail:   ellynlindsay@usdoj.gov
              Byron.mclain@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID PRITCHARD,<br><br>    Defendant. | No. CR 14-282-R-1<br><br>ORDER DENYING DEFENDANT DAVID PRITCHARD'S RULE 33 MOTION FOR A NEW TRIAL<br><br>HEARING DATE: 12/08/14<br>HEARING TIME: 1:30pm<br>HEARING LOCATION: Courtroom of the Honorable Manuel Real |

    For the following reasons, defendant David Pritchard's Rule 33 Motion for a New Trial is DENIED.

    Rule 33 provides that "upon the defendant's motion, a court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A new trial motion under Rule 33 "should be granted only in exceptional cases in which the evidence preponderates highly against the verdict." United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981)(citation omitted, emphasis added); see also United States v. Kellington, 217 F.3d 1084,

1097 (9th Cir. 2000) (new trial motion should only be granted where "the evidence preponderates sufficiently heavily against the verdict" such that "a serious miscarriage of justice may have occurred") (citation omitted).

In United States v. Harrington, 410 F.3d 598, 601 (9th Cir. 2005), the Ninth Circuit set forth the test that a defendant must meet to prevail on a motion for a new trial based on newly discovered evidence:

> (1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in an acquittal.

Defendant's motion fails to demonstrate that any of these factors are met.

First, defendant does not demonstrate how the evidence he puts forth was in fact "newly discovered." In fact, it appears that these documents were in the possession of defendant all along. The most recent of these documents pre-dates the trial by two years, and most are signed by defendant, demonstrating that he was well aware of their existence. In fact, defendant does not even assert that he was unaware of these documents prior to trial.

Second, because defendant was aware of and had in his possession the documents he claims are "newly discovered," the failure to present them at trial is clearly due to his lack of diligence. His claim that he failed to discover (or more likely, to have available at trial) these new exhibits because the "dynamics" of the trial changed is unavailing. While defendant claims the case was charged to focus on cold-call telemarketing, in fact the indictment charges a

2

1  scheme to defraud investors through the device of obtaining their
2  money through lies and deceit and then misusing it.  This is exactly
3  how the government presented the case at trial.
4       Third and fourth, the evidence defendant seeks to introduce also
5  fails to meet the test for a new trial because it is both immaterial
6  and cumulative.  Although defendant fails entirely in his motion to
7  explain the proffered "new" evidence, he appears to set forth what
8  his witnesses would have said had they been permitted by this Court
9  to testify as they wished.  However, his recitations simply
10 demonstrate that the evidence was not relevant to the issues at
11 trial, and that the evidence was cumulative of testimony and exhibits
12 defendant actually did present at trial.
13      For example, witness James Cardwell claims that he would have
14 testified that he and others were trying to: 1) get the OZ3D
15 production started; 2) merge Gigapix with a publicly-traded company;
16 3) help start Gigapix Releasing; and 4) look for other ventures for
17 Gigapix.  He also wanted to discuss how money should be spent at an
18 independent movie studio.  In fact, this Court permitted quite a bit
19 of this testimony to come out.  However, the testimony was for the
20 most part completely irrelevant: the issue was whether defendant
21 knowingly participated in taking money from investors through lies
22 and deceit, whether he misused that money, and whether he knowingly
23 and willfully sold unregistered securities.  What he was or was not
24 trying to do with the company does not address this core issue.
25      Thus, the testimony this Court disallowed defendant from
26 presenting was entirely irrelevant to any material issue, and was
27 cumulative of other evidence presented.  This evidence also fails to
28 meet the last requirement for a new trial -- it would not result in

3

acquittal. This is demonstrated by the fact that the gist of this evidence was presented to the jury, but defendant was convicted nevertheless.

Because defendant has failed to satisfy any of the criteria for a new trial, his motion is DENIED.

IT IS SO ORDERED.

DATED: December 9, 2014

_____
HONORABLE MANUEL REAL
United States District Judge

Presented by:

_____/s/_____
ELLYN MARCUS LINDSAY
Assistant United States Attorney
Major Frauds Section

4