RICHARD M. CALLAHAN, JR.
225 South Lake Avenue, Suite 300
Pasadena, CA  91101
Telephone:  (626) 202-4060
Telecopier:  (626) 794-4676
State Bar No. 100446
Email: *rmcallahanjr@gmail.com*

Attorney for Defendant
GREGORY PUSATERI

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    vs.<br><br>DAVID PRITCHARD, *et al.,*<br><br>             Defendants.<br>_____ | Case No.  CR 14-282-R-4<br><br>**DEFENDANT PUSATERI'S (#4) REPLY TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION FOR NEW TRIAL**<br><br>Date:   February 9, 2015<br>Time:  10:00 a.m.<br>Place:  Courtroom of the Honorable<br>           Manuel L. Real |

Defendant Gregory Pusateri, by and through his counsel of record, hereby replies to the government's opposition [Doc. No. 272] to his motion for new trial, pursuant to Federal Rules of Criminal Procedure 33.

Dated:  February 4, 2015.

Respectfully submitted,
THE LAW OFFICES OF
RICHARD M. CALLAHAN, JR.

By: _____
     RICHARD M. CALLAHAN, JR.
     Attorney for Defendant
     GREGORY PUSATERI

## POINTS AND AUTHORITIES

### I

### INTRODUCTION

Defendant Greg Pusateri has moved this Court for a new trial after his conviction on fraud charges relating to his employment as a salesperson at Gigapix. The government has responded by claiming the motion for new trial should be denied since the Court did not err in its evidentiary rulings precluding Mr. Pusateri from presenting investor testimony that would have contradicted the prosecution's investor witnesses.

Mr. Pusateri now responds to the prosecution's opposition, arguing that Mr. Pusateri was denied a fair trial by his inability to present investor testimony corroborative of his defense and was in stark contrast to the testimony of the hand-selected investor witnesses called by the prosecution.

### II

### ARGUMENT

### A.   A NEW TRIAL IS WARRANTED SINCE THE EXCLUSION OF CORROBORATIVE INVESTOR TESTIMONY WAS IMPROPER

#### 1.   The Proffered Testimony of the Defense Investors Is Admissible On a Myriad of Grounds[1]

The government begins its opposition by chastising the defense for implying there were only four investors who would testify that Mr. Pusateri misrepresented the Gigapix

---

[1] As a preliminary point, the prosecution claims in footnote 1 of its opposition that Mr. Pusateri's only justification at trial for admission of the exculpatory testimony from the defense investors was that the testimony was relevant to the "state of mind" of the investors, so that other grounds raised in the new trial motion are somehow waived. To be clear, the initial justification provided while Mr. Judd was testifying was that the testimony was not offered for the truth of the matter asserted. In the subsequent request for reconsideration, the argument for admissibility centered on the related issue of the "state of mind" of the investor. Contrary to the government's protestations, the justification for admissibility of the investor's exculpatory testimony was properly preserved. Further, the case for waiver cited by the government, *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990) dealt with preserving objections for appeal, not for a motion for new trial.

and OZ3d investment, while the defense offered only three investors of his own.  The fact is that out of 260 possible investors who dealt with Mr. Pusateri at Gigapix, the prosecution called only four, or 1.5% of the total available.  Mr. Pusateri countered with three local investors, Troy Judd, Larry Suggett and Marge Suggett, but could have called many others from around the country who would have provided supportive, exculpatory testimony.  Rather than engage in a contest to see which side had the most investors prepared to testify, the defense proffered these three witnesses in order to 1) show that the government's investor witnesses were somehow mistaken in their recollection, and 2) disprove the existence of a unified "scheme to defraud" as alleged in the Indictment.  Without such critical defense testimony, the jury was left with the mistaken perception that *every* Gigapix investor *must have been* defrauded—a totally unfair perception that only a new trial can rectify.

The prosecution then attempts to minimize the relevance of the tendered investors by claiming that their dealings with Mr. Pusateri pre-date the alleged conspiracy.  This is simply not accurate.  While each of these witnesses began their involvement with Gigapix before the purported conspiracy began in 2006, Mr. Judd would have testified that he spoke to Mr. Pusateri regarding the OZ3D offering—clearly within the period alleged in the Indictment—but decided not to invest since Greg made the risk sound too high.  The Suggetts also dealt with Greg on OZ3D, where he reminded them never to invest more than they could afford to lose.  Thus, contrary to the prosecution's assertion, Troy Judd, Larry Suggett, and Marge Suggett all dealt with Greg Pusateri during the critical period, so their testimony would have been highly relevant.[2]

/
/
/

---

[2] Curiously, the government acknowledges the Suggetts invested $5,000 in OZ3D [Government Opposition ("Opp.") at 17], which makes the claim that the Suggetts only invested early in Gigapix a bit perplexing.

## 2. **The Statements Were Not Offered for the Truth of the Matter Asserted**

In his motion for new trial, Mr. Pusateri argues, as he did at trial, that the proffered investor testimony was not hearsay, since Mr. Pusateri's statements to investors were not offered for the truth of the matter asserted.  In its opposition, the prosecution claims "[n]one of defendant's cases authorizes a defendant to put his own words into evidence through the testimony of other witnesses,"[3] which is true, since the citations were not related to the issue now raised by the prosecution.  Conveniently, the government cites absolutely no authority for the principle that a defendant is precluded from invoking the rules regarding non-hearsay simply because his out-of-court statements inure to his benefit.

The government then claims that the proffered testimony is not relevant since simply telling several investors one thing "doesn't make it more probable that he did not tell other investors the opposite."[4]  Since the entire prosecution against Mr. Pusateri focused on what he told the investors, it is difficult to imagine how the proffered testimony of defense investors could be *more* relevant. Not only does such testimony challenge the accuracy of the testimony from the government investor witnesses, but as previously noted, it strikes at the heart of the existence of the charged "scheme to defraud."

Finally, the prosecution remarkably claims that admission of the testimony of the proffered defense investors "would lead to unfair prejudice," and also would "confuse the issues," and "confuse the jury."  The government fails to point out how the admission of such testimony could possibly confuse the jury or confuse the issues.  More important, it is impossible to comprehend how allowing defense investors to contradict government investor witnesses somehow prejudices the prosecution.  The only prejudice in this case

---

[3] Opp. at 18.
[4] *Id*.

resulted when the prosecution was allowed to present a one-sided and wholly misleading account of what actually transpired at Gigapix.

### 3. Mr. Pusateri's Statements to the Defense Investors Were Not Hearsay Since They Were Offered to Show the Effect on the Investors' State of Mind

The government argues against the defense investor testimony being offered to show the effect of Mr. Pusateri's statements on the state of mind of those investors by—once again—wrongfully implying that Mr. Judd and the Suggetts only were involved with Greg before the scheme is alleged to have commenced in 2006.  As noted previously, while Judd and the Suggetts began their investment in Gigapix before 2006, both Judd and the Suggetts spoke to Pusateri throughout the indictment period, including about investing in OZ3D.  The key is that OZ3D was not offered as an investment until June of 2008, several years into the period alleged to have encompassed the "scheme to defraud."   The prosecution's claim that the testimony from the defense investor witnesses is "hardly relevant" is meritless.

The government also suggests the defense could have avoided any hearsay issues by simply asking the defense investors what things were important to them in making their decision to invest.  Yet the central issue in this case was precisely *what Mr. Pusateri said* to the investors regarding the offerings in Gigapix and OZ3D.   There is no alternative to proving this point than in having the investor witnesses recount Mr. Pusateri's representations.

### 4. The Defense-Investor Testimony Would Be Admissible As a "Prior Consistent Statement"

In its opposition, the prosecution argues that Mr. Pusateri has failed to satisfy the requirements for admissibility of the investor testimony as a "prior consistent statement" claiming, "the government did not allege that the defendant had a motive to fabricate his

testimony."[5]  The prosecution relies on *United States v. Bao*, 189 F.3d 860 (9th Cir. 1999) for this point, but it is undeniable that the prosecution cross-examined Mr. Pusateri on the representations he made to investors, and at the very least implied during cross-examination and closing argument that his critical testimony was fabricated.  Further, *Bao* is distinguishable from the current case since the Court found:  1) that Bao made the prior consistent statement *after* the motive to fabricate testimony had arisen, *Id.* at 864-65, and 2) the prior consistent statement (telling a reporter he did not know his conduct was illegal) would be relevant only if offered for the truth of the matter asserted,  *Id.* at 866.

The prosecution further asserts that the statements offered by Mr. Pusateri are not actually prior consistent statements since they are not 100% consistent with his trial testimony.  The prosecution's argument relies on an untenably literal reading of Rule 801(d)(1)(B), requiring the prior statement to be, in effect, a word-for-word parroting of the witness' trial testimony.  Again, the prosecution fails to cite a single case supporting the constrained applicability of Rule 801(d)(1)(B) they espouse.  The rule in no way warrants such a strict interpretation, and the argument that Mr. Pusateri's prior statement is not "consistent" is meritless.[6]

### 5. The Prosecution Fails to Respond to Mr. Pusateri's Fifth and Sixth Amendment Arguments

The prosecution completely ignores Mr. Pusateri's constitutional argument, with nary a word of challenge to its merits.  The proffered investor statements were admissible, and a new trial should be ordered as a result.

---

[5] Opp. at 20.

[6] It is important to note that Federal Rule of Evidence 810(d)(1)(B) was amended on December 1, 2014, creating a new subdivision, 801(d)(1)(B)(ii), which makes prior consistent statements by a declarant that "rehabilitate the declarant's credibility as a witness when attacked on another ground" not hearsay.  This new ground for admissibility would apply to Mr. Pusateri's statements to investors as well.

1

**CONCLUSION**

2      For the reasons stated, Mr. Pusateri's Motion for New Trial pursuant to Rule 33

3  should be granted.

4  Dated:  February 4, 2015.                    Respectfully submitted,

5                                                THE LAW OFFICES OF
                                                RICHARD M. CALLAHAN, JR.

6

7                                                By: _____

8                                                     RICHARD M. CALLAHAN, JR.
                                                     Attorney for Defendant

9                                                     GREGORY PUSATERI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28