STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELLYN MARCUS LINDSAY (Cal. Bar No. 116847)
BYRON J. MCLAIN (Cal. Bar. No. 257191)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2041
    Facsimile: (213) 894-6269
    E-mail:   ellynlindsay@usdoj.gov
             Byron.mclain@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-282-R |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO REPLY OF CHERIE BROWN TO GOVERNMENT POSITION RE: SENTENCING FACTORS |
| v. | |
| CHERIE BROWN, | Sentencing Date: 2/23/15<br>HEARING TIME: 10:00am<br>HEARING LOCATION: Courtroom of the Honorable Manuel Real |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ellyn Marcus Lindsay and Byron J. McLain, hereby files its Response to Reply of Cherie Brown to Government Position Re: Sentencing Factors.  This Response is based on the attached memorandum and exhibit, the files and records in this case, and such other evidence and argument as may be provided to the Court at the sentencing hearing.

```
Dated: February 17, 2015          Respectfully submitted,

                                  STEPHANIE YONEKURA
                                  Acting United States Attorney

                                  ROBERT E. DUGDALE
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                         /s/
                                  ELLYN MARCUS LINDSAY
                                  BYRON J. MCLAIN
                                  Assistant United States Attorneys
                                  Major Frauds Section

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA
```

**MEMORANDUM**

**I.      INTRODUCTION**

Defendant has submitted a reply to the government's sentencing memorandum, basically making the same arguments that failed at trial and in defendant's motion for a judgment of acquittal. Defendant once again relies on the fact that she continued to take people's money until she could no long hope to avoid detection, and at that point switched her tune to cover herself and make sure the blame was not on her. Of course, she never felt bad enough to give back any of the $650,000 that was her prize for hooking all her victims in the first place.

Not surprisingly, even provided with evidence of victims who still believed in defendant, the jury convicted her. While she was able to sell several victims on her blamelessness, she was not able to sell the factfinders.

Defendant asks the question: "Where is the evidence of the pain and suffering she supposedly caused?" The government files this pleading to add one more victim impact letter, received after the government's sentencing position was filed, and to add that another victim couple whose comments were summarized was solicited by defendant. This should, in part, answer defendant's question.

**II.     ADDITIONAL VICTIM STATEMENTS**

As the government has noted, many of the victims who submitted victim impact statements cannot remember the name of their salesperson. However, one additional couple did remember that they were solicited by defendant. Their letter, written in response to the government's solicitation of letters for the Pritchard/Blauvelt

sentencing, does not mention defendant, but when asked, the couple recalled that it was she who solicited them.

This couple is significant because it shows that defendant defrauded an elderly couple who could ill afford the loss. It belies defendant's attempts to separate herself from the damage she caused by her conduct at Gigapix. The government repeats their excerpted comments here:

> From victims L.A.C. and J.R.C.:
>
> We are disgusted with the actions of Chris Blauvelt and David Pritchard as they knowingly lied and gave us continual assurances that their projects would provide us imminent financial security. I was "right around the corner". We had many telephone conversations over the past 11 years and even visited the Gigapix studio in Los Angeles. Each conversation reassured us of their upcoming success!!
>
> I worked as a high school science teacher and [J.] worked as a part-time RN while raising our family of 6 children. We invested our hard-earned savings in the hope of helping our 18 grandchildren with college expenses. Obviously this is not possible now. The investment also was planned as a resource for us in our older years and again we don't have this security.
>
> . . .
>
> I am now 80 years old and legally blind with Macular Degeneration so this loss to our family security is significant! Words can't express the emotional turmoil caused by the actions of these two individuals who seemingly had no regard for honesty. I have experienced many lost hours of sleep as the true nature of Giga[p]ix/OZ3D slowly became apparent!

The government adds the comments of another victim, whose letter, attached hereto as Exhibit A, was received by the government after the date on which it filed its sentencing position in defendant's case. This letter also demonstrates defendant

2

victimizing a person who was unsophisticated and could ill afford the loss, and who will suffer indefinitely because of defendant:

<u>From victim J.C.</u>:

> I have worked in the non-profit sector all of my life. I never made a big salary, and I was never offered a pension or any other retirement benefit. I was looking for an investment where I could place my nest egg that would allow me to have a secure retirement. Over the course of several years, because of optimistic ongoing newsletters, emails and phone calls relating to Gigapix, including communication with Cherie Brown and Gregory Pusateri, and very optimistic newsletter from Mr. Pritchard, one dated as recently as May 24, 2011, I built up my investment in Gigapix over the years to between $129,000 and $139,000. I also invested a smaller amount with Gigapix, two years' worth, into an IRA. That was a lot of money for me. I lost it all. I am ashamed and I am depressed.
>
> . . .
>
> Cherie Brown, in an effort to boost the credibility of David Pritchard, and looking to me to invest more, told me toward the end of 2010 that Pritchard was going to be on a Sundance Jury. When the Sundance juries were announced in early 201, and Pritchard's name wasn't listed, I asked her what happened. She made up some sort of excuse that Pritchard had a scheduling conflict.
>
> . . .
>
> My economic loss has taken a significant toll on my financial security, and my ability to plan for my retirement. As a single woman, I am completely reliant on my own resources. I was emotionally crushed when I learned of the demise of Gigapix and the loss of my investments. This loss has created insurmountable stress and will affect my future stability in various ways, some of which I cannot even anticipate at this point.
>
> Please incarcerate all defendants for the maximum. They deserve it and should pay for lying to and mistreating and deceiving investors.

3

**III. CONCLUSION**

For the foregoing reasons, this Court should sentence defendant to a significant term of custody.