STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELLYN MARCUS LINDSAY (Cal. Bar No. 116847)
BYRON J. MCLAIN (Cal. Bar. No. 257191)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2041
     Facsimile: (213) 894-6269
     E-mail:    ellynlindsay@usdoj.gov
                Byron.mclain@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>             v.<br><br>CHERIE BROWN,<br><br>        Defendant. | No. CR 14-282-R-3<br><br>ORDER DENYING DEFENDANT CHERIE BROWN'S MOTION FOR A JUDGMENT OF ACQUITTAL AND MOTION FOR A NEW TRIAL<br><br>HEARING DATE: 2/09/15<br>HEARING TIME: 10:00am<br>HEARING LOCATION: Courtroom of the Honorable Manuel Real |

For the following reasons, defendant Cherie Brown's Motion for a Judgment of Acquittal and Motion for a New Trial are DENIED.

Motion for Judgment of Acquittal

Federal Rule of Criminal Procedure 29 permits a court, upon motion by a defendant, to set aside a guilty verdict and to enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.  On a motion for judgment of acquittal the Court must consider the evidence presented at trial in the light most favorable to the prosecution and determine whether

this evidence so viewed is adequate to allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. United States v. Gonazlez-Diaz, 630 F.3d 1239 (9th Cir. 2011). The Court must bear in mind that it is the exclusive function of the jury to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Jackson v. Virginia, 443 U.S. 307 (1979).

When taking the evidence presented at the trial of Cheri Brown in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the charged crime beyond a reasonable doubt. The government presented the testimony of three victim investors, who testified that they were told the investment was low risk, that they would receive very quick returns, and that the stock would soon be traded on the NASDAQ. Each of these assertions proved to be false. The government presented further testimony from a company insider, who was able to present evidence that Brown knew the statements being made to investors were false.

Viewing the evidence in the light most favorable to the prosecution, as the Court must, the Court believes a rational trier of fact could have found beyond a reasonable doubt that Brown committed the charged crimes. Accordingly, Brown's sufficiency of evidence challenge fails, and the motion for a judgment of acquittal is DENIED.

Motion for a New Trial

Federal Rule of Criminal Procedure 33(a) provides that upon a defendant's motion, the Court may vacate any judgment and grant a new trial if the interests of justice so require. A motion for a new

trial is directed to the discretion of the district judge. It should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict. United States v. Pimentel, 654 F.2d 538 (9th Cir. 1981). If the Court concludes that the evidence preponderates sufficiently heavily against the verdict, that is, that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury. United States v. Lincoln, 630 F.2d 1313 (8th Cir. 1980).

Brown seeks a new trial on the grounds that the trial court deprived her of a fair trial, as well as her due process rights and right to present a defense. According to Brown, this was due to the erratic and biased conduct of the trial court.

The Ninth Circuit makes clear that due process requires that trials be conducted free of actual bias as well as the appearance of bias. Rhoades v. Henry, 598 F.3d 511 (9th Cir. 2010). However, there is a strong presumption that a judge is not biased or prejudiced. To succeed on a judicial bias claim, the petitioner must overcome a presumption of honesty and integrity in those serving as adjudicators. Larson v. Palmateer, 515 F.3d 1057 (9th Cir. 2008). In the absence of any evidence of such extra-judicial sources of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity, even if those remarks are critical or disapproving or even hostile to counsel, the parties or their cases. Id. at 1067.

Here, Brown argues that the Court was erratic and biased because it interrupted Brown's counsel during opening statement; it

improperly interfered and limited the admission of evidence, and it interfered with Brown's right to confront witnesses and present her theory of defense.  However, Brown has failed to establish that the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred.  The Ninth Circuit makes clear that evidentiary rulings do not demonstrate judicial bias and are insufficient grounds to overcome the presumption of judicial integrity and grant a new trial. Larson, 515 F.3d at 1067.  Furthermore, it is well within the discretion of the trial court to limit the cross-examination of witnesses. United States v. Urena, 659 F.3d 903 (9th Cir.2011).

   Brown has failed to establish improper or unfair bias by this Court, and as such her motion for a new trial is DENIED.

   IT IS SO ORDERED.

DATED: February 18, 2015

_____
HONORABLE MANUEL REAL
United States District Judge

Presented by:

_____/s/_____
ELLYN MARCUS LINDSAY
Assistant United States Attorney
Major Frauds Section

4