STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELLYN MARCUS LINDSAY (Cal. Bar No. 116847)
BYRON J. MCLAIN (Cal. Bar. No. 257191)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2041
     Facsimile: (213) 894-6269
     E-mail:    ellynlindsay@usdoj.gov
                Byron.mclain@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-282-R |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT GREGORY PUSATERI'S MOTION FOR A JUDGMENT OF ACQUITTAL AND MOTION FOR A NEW TRIAL |
| v. | |
| GREGORY PUSATERI, | HEARING DATE: 2/09/15 |
| Defendant. | HEARING TIME: 10:00am |
| | HEARING LOCATION: Courtroom of the Honorable Manuel Real |

For the following reasons, defendant Gregory Pusateri's Motion for a Judgment of Acquittal and Motion for a New Trial are DENIED.

## Motion for Judgment of Acquittal

Federal Rule of Criminal Procedure 29 permits a court, upon motion by a defendant, to set aside a guilty verdict and to enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. On a motion for judgment of acquittal the Court must consider the evidence presented at trial in the light most favorable to the prosecution and determine whether

this evidence so viewed is adequate to allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.  United States v. Gonazlez-Diaz, 630 F.3d 1239 (9th Cir. 2011).  The Court must bear in mind that it is the exclusive function of the jury to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  Jackson v. Virginia, 443 U.S. 307 (1979).

When taking the evidence presented at the trial of Gregory Pusateri in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the charged crime beyond a reasonable doubt.  The government presented the testimony of four victim investors.  These victims testified that Pusateri told them that there was no risk in the investment, that they should disregard the risk language in the private placement memorandum, that Gigapix was next in line to be purchased by the Disney Company, and that they would see returns on their investments within one year. The government presented further testimony of company insiders at Gigapix, who testified that the company projects were highly risky, that there was no guarantee that they would be successful, that the sales people knew that the investments were risky, and that it would have been a lie to tell investors that they would receive returns within a year of their investment.  Finally, the government presented evidence that Pusateri knew the securities were not registered and that they should have been registered.

Viewing the evidence in the light most favorable to the prosecution, as the Court must, the Court believes a rational trier of fact could have found beyond a reasonable doubt that Pusateri

committed the charged crimes.  Accordingly, Pusateri's sufficiency of evidence challenge fails, and the motion for a judgment of acquittal is DENIED.

Motion for a New Trial

Federal Rule of Criminal Procedure 33(a) provides that upon a defendant's motion, the Court may vacate any judgment and grant a new trial if the interests of justice so require.  A motion for a new trial is directed to the discretion of the district judge.  It should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict.  United States v. Pimentel, 654 F.2d 538 (9th Cir. 1981).  If the Court concludes that the evidence preponderates sufficiently heavily against the verdict, that is, that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.  United States v. Lincoln, 630 F.2d 1313 (8th Cir. 1980).

Pusateri seeks a new trial on the grounds that the trial court's evidentiary rulings prevented several investors from testifying that Pusateri never made the key misrepresentations that supported his conviction.  Specifically, Pusateri argues that Troy Judd, along with Larry and Margaret Suggett, were prevented from giving exculpatory testimony that would have contradicted the testimony of the government witnesses.

In order to secure a new trial based upon an allegedly improper evidentiary ruling, a defendant must show that the evidentiary ruling was both clearly erroneous and so prejudicial that it can be reasonably concluded that with or without such evidence there would

3

have been a contrary result.  Goodson v. Arizona Department of Corrections, 892 F.2d 1046 (9th Cir. 1989)(unpublished).  Here, Pusateri falls short of showing that this is the exceptional case in which the evidence preponderates sufficiently heavily against the verdict such that a serious miscarriage of justice may have occurred.  The government presented overwhelming evidence against Pusateri, including numerous false statements made by Pusateri to Danny Anderson, Sandra Wilson, Linda Hampshire, and Jerome Goodman.

This Court's decision to limit the admission of testimony by Troy Judd and Larry and Margaret Suggett was not clearly erroneous such that there would have been a contrary result had the evidence been admitted.  The proposed testimony that Pusateri sought to admit through these witnesses did not have any tendency or reason to prove that misrepresentations were not made to Anderson, Wilson, Hampshire and Goodman.  Simply because Pusateri told two investors one thing does not make it more probable that he did not tell other investors the opposite.  Accordingly, the exclusion of the evidence at issue here does not constitute the type of extraordinary circumstances that would warrant a new trial.

///
///
///
///
///
///
///
///

4

Pusateri's request for a new trial based upon the exclusion of testimony is therefore DENIED.

IT IS SO ORDERED.

DATED: February 18, 2015

_____
HONORABLE MANUEL REAL
United States District Judge

Presented by:

_____/s/_____
ELLYN MARCUS LINDSAY
Assistant United States Attorney
Major Frauds Section

5